RP

**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Leonard Bean, | No. CV 09-1966-PHX-DGC (LOA) |
| Plaintiff, | **ORDER** |
| vs. | |
| Charles L. Ryan, et al., | |
| Defendants. | |

Pending before the Court is Plaintiff's First Amended Complaint (Doc. #10) (Amended Complaint). The Court will dismiss the Amended Complaint and this action for failure to state a claim upon which relief may be granted.

**I.    Procedural Background**

On September 18, 2009, Plaintiff Leonard Bean, who is confined in the Arizona State Prison Complex-Florence (ASPC-Florence), filed a *pro se* civil rights complaint (Doc. #1) and an Application to Proceed *In Forma Pauperis* (Doc. #3). On October 15, 2009, Plaintiff filed a "Motion For Notice of Service" (Doc. #4).

By order filed January 12, 2010 (Doc. #5), the Court granted Plaintiff's Application to Proceed *In Forma Pauperis*, assessed an initial partial filing fee of $12.87, denied Plaintiff's motion as moot, and dismissed the complaint with leave to amend. Plaintiff was given 30 days from the filing date of the order to file a first amended complaint in compliance with the order.

On January 22, 2010, Plaintiff filed a "Motion for Enlargement of Time" (Doc. #7), in which he requested a 60-day extension of the deadline for submitting his first amended complaint. By order filed February 3, 2010 (Doc. #8), the Court granted Plaintiff's Motion for Enlargement and Plaintiff was given until April 13, 2010, to file a first amended complaint. On March 24, 2010, Plaintiff filed his Amended Complaint (Doc. #10).

**II.     Statutory Screening of Prisoner Complaints**

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or an officer or an employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if a plaintiff has raised claims that are legally frivolous or malicious, that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1), (2).

A pleading must contain a "short and plain statement of the claim *showing* that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2) (emphasis added). While Rule 8 does not demand detailed factual allegations, "it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Id.

"[A] complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Id. (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007)). A claim is plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. "Determining whether a complaint states a plausible claim for relief [is] . . . a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." Id. at 1950. Thus, although a plaintiff's specific factual allegations may be consistent with a constitutional claim, a court must assess whether there are other "more likely explanations" for a defendant's conduct. Id. at 1951.

If the Court determines that a pleading could be cured by the allegation of other facts,

a *pro se* litigant is entitled to an opportunity to amend a complaint before dismissal of the action. See Lopez v. Smith, 203 F.3d 1122, 1127-29 (9th Cir. 2000) (*en banc*). The Court should not, however, advise the litigant how to cure the defects. This type of advice "would undermine district judges' role as impartial decisionmakers." Pliler v. Ford, 542 U.S. 225, 231 (2004); see also Lopez, 203 F.3d at 1131 n.13 (declining to decide whether the court was required to inform a litigant of deficiencies). Plaintiff's Amended Complaint will be dismissed for failure to state a claim, without leave to amend because the defects cannot be corrected.

## III. Amended Complaint

Named as Defendants in the Amended Complaint are: (1) Charles L. Ryan, Director, Arizona Department of Corrections (ADOC); (2) Carson A. McWilliams, Warden, ASPC-Florence; (3) Stacy Crabtree, Classification Manager, Central Office, ADOC; and (4) G. Fizer, Deputy Warden, Central Unit, ASPC-Florence. Plaintiff asserts four counts in the Amended Complaint and alleges that his Eighth and Fourteenth Amendment rights have been violated. Plaintiff seeks a jury trial, declaratory and injunctive relief, and punitive monetary damages.

## IV. Discussion

Plaintiff claims in all four of his counts that his right to the "protection of an interest that the State has created through its own prison regulation under the Eighth [] and Fourteen[th] [] Amendment[s]" have been violated. Plaintiff alleges that all of his counts "stem from [a] procedural due process violation that infringed on [his] condition of confinement" and that each of the Defendants has kept Plaintiff locked in an 8x12 foot cell for 24 hours per day, excluding the three times a week that he has a shower, the three times a week that he spends in the outdoor recreation cages for two hours at a time, and the times that he goes to see a "prison doctor or dental."

### A. Eighth Amendment

To state a conditions-of-confinement claim under the Eighth Amendment, plaintiffs must meet a two-part test. First, the alleged constitutional deprivation must be, objectively,

"sufficiently serious"; the official's act or omission must result in the denial of "the minimal civilized measure of life's necessities." Farmer v. Brennan, 511 U.S. 825, 834 (1994). Second, the prison official must have a "sufficiently culpable state of mind," *i.e.*, he must act with deliberate indifference to inmate health or safety. Id. In defining "deliberate indifference" in this context, the Supreme Court has imposed a subjective test:

> the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference.

Id. at 837 (emphasis added).

To comply with the Eighth Amendment's prohibition against cruel and unusual punishment, a prison must provide prisoners with "adequate food, clothing, shelter, sanitation, medical care, and personal safety." Hoptowit v. Ray, 682 F.2d 1237, 1246 (9th Cir. 1982) (citation omitted). This does not mean that federal courts can or should interfere whenever prisoners are inconvenienced or suffer *de minimis* injuries. See Bell v. Wolfish, 441 U.S. 520, 539 n.21 (1979) (noting that a *de minimis* level of imposition does not rise to a constitutional violation).

Plaintiff's allegations about his conditions of confinement do not rise to the objective level of constitutional violations under the Eighth Amendment. Plaintiff does not allege that he has been denied "the minimal civilized measure of life's necessities." Farmer, 511 U.S. at 834. Plaintiff instead alleges that he is locked in an 8x12 foot cell for 24 hours per day, excluding the three times a week that he has a shower, the three times a week that he that he spends in the outdoor recreation cages for two hours at a time, and the times that he goes to see a "prison doctor or dental." These conditions of confinement are typical of the conditions that most maximum security inmates are subjected to and are not as onerous as those imposed on inmates in "supermax" facilities. Accordingly, Plaintiff's Eighth Amendment conditions-of-confinement claims in the Amended Complaint will be dismissed for failure to state a claim upon which relief may be granted.

**B. Fourteenth Amendment**

   **1. Count I**

In Count I, Plaintiff alleges that Defendant Ryan has "failed to notify the Plaintiff[,] both in writing and orally[,] of the Plaintiff's progress toward a security level reduction." Plaintiff further alleges that "[s]pecifically, that notice must advise the Plaintiff what specific conduct is necessary for the Plaintiff to reduce from Level 5 and the amount of time it will take before the Defendant Ryan reduce[s] the Plaintiff['s] security level classification."

Although *pro se* pleadings are liberally construed, Haines v. Kerner, 404 U.S. 519, 520-21 (1972), conclusory and vague allegations will not support a cause of action. Ivey v. Board of Regents of the University of Alaska, 673 F.2d 266, 268 (9th Cir. 1982). Further, a liberal interpretation of a civil rights complaint may not supply essential elements of the claim that were not initially pled. Id. "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Iqbal, 129 S. Ct. at 1949.

Plaintiff's allegation in Count I that Defendant Ryan must provide Plaintiff with notice of his progress toward a security level reduction is conclusory and vague. Plaintiff does not identify any specific prison regulation that requires Defendant Ryan to provide Plaintiff with notice of his progress toward a security level reduction and does not explain how the failure to give this notice has denied him due process under the Fourteenth Amendment. Count I therefore will be dismissed for failure to state a claim upon which relief may be granted.

   **2. Count II**

In Count II, Plaintiff alleges that on three different occasions, during "all the[] years" he has been in maximum custody, he was recommended for a "reduction in custody" by the Classification Committee Board, and that despite approval from the Deputy Warden and the Warden, Defendant Stacy Crabtree made the "final say" at Central Office and failed to reduce Plaintiff's custody level. Plaintiff also alleges that Defendant Crabtree "failed to notify the Plaintiff[,] both in writing and orally[,] of the Plaintiff's progress toward a security level reduction." Plaintiff further alleges that "[s]pecifically, that notice must advise the

Plaintiff what specific conduct is necessary for the Plaintiff to reduce from Level 5[,] which is maximum security[,] and the amount of time it will take before the Defendant Crabtree reduce[s] the Plaintiff[']s security level classification."

Plaintiff's allegations in Count II that Defendant Crabtree failed to reduce Plaintiff's custody level and failed to provide Plaintiff with notice of his progress toward a security level reduction are extremely conclusory and vague. Plaintiff does not identify any specific prison regulation that requires Defendant Crabtree to reduce Plaintiff's custody level or to provide Plaintiff with notice of his progress toward a security level reduction, and does not explain how the failure to reduce Plaintiff's custody level or to give this notice has denied Plaintiff due process under the Fourteenth Amendment.

Plaintiff does not allege that his classification was not reviewed on a regular basis. Indeed, it appears that Plaintiff has had numerous opportunities to challenge his custody status. In all four counts, Plaintiff alleges that he could appeal his reclassification every six months. Moreover, Plaintiff does not allege that Defendant Crabtree exceeded her authority when she failed to reduce Plaintiff's custody level and kept him in maximum custody. Count II will be dismissed for failure to state a claim upon which relief may be granted.

### 3. Count III

In Count III, Plaintiff alleges that he has submitted numerous requests to Defendant McWilliams to participate in "a new practice[,] the A36 Program (walking 5)" and that Defendant McWilliams "ha[s] never responded to any of the Plaintiff[']s requests." Plaintiff claims that Defendant McWilliams has "[t]herefore, [] failed to notify the Plaintiff[,] both in writing and orally[,] of the Plaintiff[']s progress toward becoming eligible to participate in the A36 Program (walking 5)." Plaintiff further alleges that "[s]pecifically, that notice must advise the Plaintiff what specific conduct is necessary for the Plaintiff to become eligible for the A36 Program (walking 5) and the amount of time it will take before the Plaintiff [] become[s] eligible to participate in the A36 Program (walking 5)."

Plaintiff explains that the "new program [] came in effect over a year ago" and that it "allow[s] inmates to work which are housed in CB-2[,] the work building[,] and each

building house[]s inmate porters that are allowed to work inside the building if the inmate[s] fit the criteria for a job assignment." Plaintiff asserts that he "fit[s] the criteria[,] having a low points of 33 for a job assignment.

It is well established that prisoners do not have a constitutional right to prison employment. Vignolo v. Miller, 120 F.3d 1075 (9th Cir. 1997); Baumann v. Arizona Dep't of Corrections, 754 F.2d 841, 846 (9th Cir. 1985). Classification and work assignments of prisoners are matters of prison administration, left to the discretion of the prison administrators. Altizer v. Paderick, 569 F.2d 812, 812-13 (4th Cir. 1978). A prisoner has no constitutional right to a particular job assignment. Flittie v. Solem, 827 F.2d 276, 279 (8th Cir. 1987); Lyon v. Farrier, 727 F.2d 766, 769 (8th Cir. 1984). Because Plaintiff does not have a constitutional right to prison employment, he does not have a liberty interest that is protected by the Due Process Clause of the Fourteenth Amendment. Accordingly, Count III will be dismissed for failure to state a claim upon which relief may be granted.

### 4. Count IV

In Count IV, Plaintiff alleges that Defendant Fizer "states that the Plaintiff['s] committing offenses from Florida and comments in the Plaintiff['s] AIMS file prevents [] Plaintiff from participation in the A36 Program (walking 5) and porter duties." Plaintiff also alleges that "Defendant Fizer ha[s] failed to notify the Plaintiff[,] both in writing and orally[,] of [his] progress toward fitting the criteria to become eligible participate in the A36 Program (walking 5)." Plaintiff alleges that "[s]pecifically, that notice must advise the Plaintiff what specific conduct is necessary for the Plaintiff to become eligible for the A36 Program (walking 5) and the amount of time it will take before the Plaintiff [] become[s] eligible to participate in the A36 Program (walking 5)."

Because Plaintiff does not have a constitutional right to prison employment, he does not have a liberty interest that is protected by the Due Process Clause of the Fourteenth Amendment. See Vignolo, 120 F.3d at 1077. Accordingly, Count IV will be dismissed for failure to state a claim upon which relief may be granted.

## V. Dismissal of Amended Complaint Without Leave to Amend

Because no claims now remain, the Amended Complaint will be dismissed for failure to state a claim upon which relief may be granted. In deciding whether or not Plaintiff should be given leave to amend again, the Court notes that leave to amend need not be given if a complaint as amended is subject to dismissal. Moore v. Kayport Package Express, Inc., 885 F.2d 531, 538 (9th Cir. 1989). The Court's discretion to deny leave to amend is particularly broad where Plaintiff has previously been permitted to amend his complaint. Sisseton-Wahpeton Sioux Tribe v. United States, 90 F.3d 351, 355 (9th Cir. 1996). Failure to cure deficiencies by previous amendments is one of the factors to be considered in deciding whether justice requires granting leave to amend. Moore, 885 F.2d at 538.

Plaintiff has been given an opportunity to amend his original Complaint to cure the deficiencies and appears unable to do so. Further opportunities would be futile. Plaintiff's complaint seeks legal redress for prison actions and policies that do not constitute violations of his constitutional or federal civil rights. Therefore, the Court, in its discretion, will dismiss the Amended Complaint without leave to amend, and will dismiss this action.

**IT IS ORDERED:**

(1) Plaintiff's First Amended Complaint (Doc. #10) and this action are **dismissed** for failure to state a claim, and the Clerk of Court **must enter judgment** accordingly.

(2) The Clerk of Court **must make an entry** on the docket stating that the dismissal for failure to state a claim may count as a "strike" under 28 U.S.C. § 1915(g).

(3) The docket **shall reflect** that the Court certifies, pursuant to 28 U.S.C. § 1915(a)(3) and Federal Rules of Appellate Procedure 24(a)(3)(A), that any appeal of this decision would not be taken in good faith.

Dated this 6th day of July, 2010.

_____
David G. Campbell
United States District Judge